# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NYDIA Y. PACHECO,

      Appellant,

        v.

DEPARTMENT OF DEFENSE,

      Agency.

DOCKET NUMBER
AT-315H-13-0378-I-1

DATE: August 19, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Nydia Y. Pacheco</u>, Ocean Springs, Mississippi, pro se.

<u>Kenya M. Gregory</u>, Esquire, Fort Belvoir, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal challenging her termination from an Auditor position for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The administrative judge found, among other things, that the agency appointed the appellant to the career-conditional position of Auditor in the competitive service on May 21, 2012; this position was subject to completion of a 1-year probationary period; and, the agency terminated the appellant's employment effective February 8, 2013, during her probationary period. Initial Appeal File, Tab 16, Initial Decision (ID) at 3. The judge rejected the appellant's contention that she was not required to serve a probationary period because she had previously completed a probationary period with the Internal Revenue Service (IRS) and was appointed to the Auditor position by reinstatement under 5 C.F.R. § 315.401. Such appointments are exempt from the 1-year probationary period if the individual previously satisfied that requirement. 5 C.F.R. § 315.201(c)(4). The judge found that the appellant would have been eligible for such an appointment but, after reviewing the evidence of record, concluded that she had not been so appointed. ID at 2-3. The judge further found that the

appellant was not an "employee" within the meaning of 5 U.S.C. § 7511 and that she had not alleged any basis for review under 5 C.F.R. § 315.806.  ID at 4-5.

## ANALYSIS

¶3      On review, the appellant reiterates her contention that she should not have been required to complete a probationary period because she should be deemed to have received a reinstatement appointment under 5 C.F.R. § 315.401 in light of her previous completion of a probationary period while employed by the IRS. Petition for Review (PFR) File, Tab 3.  We agree with the judge's assessment that, "while it appeared that the appellant might have been eligible for a reinstatement appointment under 5 C.F.R. § 315.401, it did not appear from the evidence in the record . . . that she was actually appointed under that legal authority."  ID at 2.  This regulation is a permissive one rather than a description of an entitlement, providing that "an agency may appoint by reinstatement to a competitive service position a person who previously was employed under career or career-conditional appointment (or equivalent)."  There is simply no evidence that the agency in fact appointed the appellant to the Auditor position under this authority.  To the contrary, the Standard Form 50 memorializing the appellant's appointment expressly stated that she was required to complete a 1-year probationary period.  IAF, Tab 11 at 18.

¶4      The appellant reiterates the argument she made below that the agency should have been bound by language contained in the vacancy announcement for the Auditor position:  "**Probationary Period**:  You will be required to serve an initial probationary period of 1 year if one has not already been completed."  PFR File, Tab 3 at 6; IAF, Tab 11 at 5, 14.  We disagree.  As the Board observed early in its existence, "federal employment is not governed by contract principles . . . . Appointment, not contract law, is the central concept."  *Bartel v. Federal Aviation Administration*, 14 M.S.P.R. 24, 35-36 (1982).  Even if the language in the vacancy announcement could be viewed as an "offer" that the appellant

"accepted," the terms of her employment are governed by the documents effecting her appointment.  As discussed above, those documents required the appellant to complete a 1-year probationary period.

¶5      The appellant asserts that she alleged that her termination was reprisal for whistleblowing.  PFR File, Tab 3 at 8.  As indicated by the administrative judge, the appellant "vaguely mentioned 'Abuse and Whistleblower Laws' within the narrative portion of her initial appeal."  ID at 5.  We see no other indication in the record that the appellant made an allegation of retaliation for whistleblowing.  Even if she had so alleged, such a claim could only be reached in a case such as this, where the Board lacks jurisdiction as an "otherwise appealable action," in an individual right of action (IRA) appeal filed under 5 U.S.C. § 1221.  *See* 5 C.F.R. § 1209.2.  If the appellant believes that her termination was reprisal for whistleblowing, then she may file an IRA appeal if she first seeks corrective action from the Office of Special Counsel, as required by 5 U.S.C. § 1214(a)(3).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.